**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY WHITE, JR.,** | ) | **CASE NO. 5:12CV1637** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objection (ECF DKT #18) to the Report and Recommendation (ECF DKT #16) of Magistrate Judge Limbert who recommended that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI").  For the following reasons,  the Court ADOPTS Magistrate Judge Limbert's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim for Supplemental Security Income.

**BACKGROUND**

The following is a factual synopsis of Plaintiff's claims.  The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts.  Due to the nature of this case, there is an extensive medical background.  For a

complete overview of Plaintiff's medical history, see Magistrate Judge Limbert's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On June 24, 2009, Plaintiff filed his application for SSI, alleging a disability onset date of January 1, 1991, due to a brain aneurysm, anxiety, asthma and chronic back pain. After initial denial by the state agency, and denial upon reconsideration, Plaintiff requested a hearing.  An administrative hearing was held before an Administrative Law Judge ("ALJ") on February 11, 2011.  At his administrative hearing, Plaintiff was represented by counsel.

On March 15, 2011, the ALJ issued a decision denying benefits.  Plaintiff requested review of the ALJ's decision by the Appeals Council.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

## STANDARD OF REVIEW

The Court exercises jurisdiction over the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832-33 (6th Cir. 2006).  In conducting judicial review, the Court must affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence.  *Id. (citing Branham v. Gardner*, 383 F.2d 614, 626-27 (6th Cir. 1967)).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . ." *McClanahan*, 474 F.3d at 833 (*citing* 42 U.S.C. § 405(g)).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (*citing Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)).  "The findings of the Commissioner are not

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (*citing Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted)).

## LAW AND ANALYSIS

The Commissioner uses a five-step sequential evaluation process to evaluate a SSI claim:

1.   An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2.   An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3.   If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4.   If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5.   If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the evidentiary burden in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

In his March 15, 2011 decision, the ALJ determined that Plaintiff suffered from residual deficits stemming from aneurysm repair, depression, and personality disorder, which all qualified as severe impairments under 20 C.F.R. § 416.920, et seq.  The ALJ then determined that Plaintiff did not have an impairment or combination of impairments

that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404,
Subpart P, Appendix 1 ("Listings").  The ALJ partially discounted Plaintiff's allegations
that his symptoms limited his abilities and concluded that Plaintiff had the residual
functional capacity ("RFC") to perform light work with the following limitations: frequently
climbing ramps and stairs; never crouching; never climbing ladders, ropes, or scaffolds;
occasionally stooping, kneeling or crawling; having a sit-stand option; performing
slower-paced, repetitive, routine tasks and some complex tasks; having no interaction
with the general public; having only occasional contact with co-workers and supervisors;
and he could engage in telephone contact.  The ALJ found that Plaintiff could not
return to his past relevant work, but he could perform other jobs existing in significant
numbers in the national economy.

The Magistrate Judge determined that the ALJ's decision is supported by
substantial evidence.  The Magistrate Judge found that any errors the ALJ committed in
the decision were harmless and did not result in reversible error.  Plaintiff asserts that the
ALJ committed reversible error when he attributed "significant" and "great" weight to the
opinions of state agency medical sources Dr. Castor, Dr. Waggoner and Dr. Goldsmith,
but then failed to incorporate their limitations for Plaintiff into his RFC.  A claimant's RFC
is an assessment of "the most [he] can still do despite [his] limitations."  20 C.F.R. §
416.945(a)(1).  In assessing the RFC, the ALJ considers all of the relevant medical and
other evidence. 20 C.F.R. §416.945(a)(3).  While the ALJ must consider and weigh the
medical opinions of both treating and agency medical sources, the final responsibility for
determining the claimant's RFC is expressly reserved to the Commissioner.  20 C.F.R. §
416.927(d)(2).

In his Objection to Report and Recommendation, Plaintiff asserts that the ALJ's 1)
mischaracterization of an examining doctor's opinion with regard to abilities to stand and
lift, 2) omission of activities of daily living after a major head surgery, 3) improper focus on

-4-

allegations of short term memory loss versus long term memory capabilities, 4) mischaracterizing Plaintiff's inability to conduct in-depth research, and 5) mischaracterizing the nature of Plaintiff's so-called "conservative" treatment, are not harmless errors and should require remand.

The Court will review each objection to the ALJ's decision.  First, Dr. Castor, the agency examining physician who provided a physical examination and assessment, concluded that Plaintiff could tolerate two hours or less of standing during an eight-hour workday and could sit for up to eight hours during the workday.  He also concluded that Plaintiff's employment would be limited by mobility and anything that would require him to crouch down and stand back up again.  Dr. Castor indicated that Plaintiff had trouble picking up heavy items weighing more than ten pounds.  The ALJ accorded "significant" weight to his consultative assessment of Plaintiff's physical conditions.

However, even though the ALJ erred when omitting the standing limitation in his decision, it appears that the ALJ clearly considered this limitation as evidenced by the transcript of the ALJ hearing where all of the hypothetical individuals that the ALJ presented to the vocational expert ("VE") contained this limitation.  The Commissioner of Social Security states in her merits Brief that the ALJ was correct in concluding that Plaintiff could perform light exertional work that involved standing and/or walking with normal breaks of two hours in an eight-hour work day.  The Court agrees that this error is harmless.

The ALJ's decision stated that Dr. Castor determined that Plaintiff could lift heavy items greater than ten pounds.  Clearly, the ALJ erred.  However, the Court agrees with the Magistrate Judge that such error was harmless as substantial evidence supports the ALJ's lifting restriction for Plaintiff.  The Magistrate Judge points out that Dr. Castor did not limit Plaintiff's ability to lift and carry objects in his opinion, and that  no physician limited Plaintiff's ability to lift and carry objects.  The agency reviewing physicians found

that Plaintiff had no severe medically determinable physical impairment, but the ALJ nevertheless accepted Plaintiff's testimony that he had difficulty lifting and restricted Plaintiff's RFC to light work.  The Court finds that substantial evidence supports the ALJ's light work lifting requirement for Plaintiff, and any error by the ALJ as to Plaintiff's ability to lift and carry objects was harmless.

Second, Plaintiff objects to the Magistrate Judge's recommendation to the Court that substantial evidence supports the ALJ's credibility determination as to Plaintiff's activities of daily living, despite some differences between Plaintiff's answers on his functional questionnaire and his testimony at the hearing.  The ALJ found that Plaintiff's testimony regarding his daily living activities was inconsistent with the alleged severity of his impairments.  The Magistrate Judge thoroughly reviewed Plaintiff's testimony regarding his activities at the time of the hearing and those he reported performing in the earlier questionnaire.  The differences were insignificant, although Plaintiff asserts that the ALJ's use of the 2009 answers to the functional questionnaire casts doubt on the accuracy of his credibility determination.

An ALJ's assessment of a claimant's credibility must be supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's credibility determination.  The ALJ did not err in considering Plaintiff's answers in the 2009 functional questionnaire because they were the activities reported by Plaintiff at a relevant time period since his amended onset date was June 24, 2009, and the questionnaire was completed on July 16, 2009.  Since the ALJ had the opportunity to observe the Plaintiff in person, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination.  *See Casey v. Secretary of Health and Human Services*, 987 F.2d 1234 (6th Cir. 1993).

Third, Plaintiff argues that the ALJ erred in discounting his credibility regarding his

short-term memory loss.  The ALJ reviewed the opinions of the state agency medical sources and gave great weight to the opinion of Dr. Leidal, the agency examining psychologist.  Dr. Leidal had indicated upon examining Plaintiff that Plaintiff's recall for past and recent life events and the presentation of personal history was fair.  The ALJ also gave great weight to the opinions of Dr. Waggoner, the agency reviewing psychologist, who opined that Plaintiff was not significantly limited in his abilities to remember locations and work-like procedures, or in understanding and remembering very short and simple instructions or detailed instructions.  The Magistrate Judge concluded that the ALJ relied upon the opinions of Dr. Leidal and Dr. Waggoner and adopted their opinions by limiting Plaintiff to light work that involved slower-paced, repetitive and routine tasks, some of which could be complex.

The ALJ noted that although Plaintiff complained of short-term memory loss and stated that it was one of the reasons why he could not return to full-time work, Plaintiff was able to explain in great detail all of the circumstances surrounding his extensive criminal history and his work history.  However, the ALJ did not discount Plaintiff's credibility regarding his short-term memory loss for this reason alone.  The ALJ relied upon evidence other than this statement regarding Plaintiff's ability to recall more distant events.  Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's determination that Plaintiff was not credible when claiming that he could not return to full-time work because of his short-term memory loss.

Fourth, Plaintiff asserts that the ALJ's statement in his decision commending Plaintiff for his research and efforts, and notation that Plaintiff was well-studied about traumatic brain injuries is reversible error.  Plaintiff asserts that he did not research traumatic brain injuries but merely related that which was told to him by his doctors and given to him through informational fliers.  The Magistrate Judge determined that no reversible error resulted from the ALJ's statement.  The Court finds that even though the

ALJ may have erred in his findings, "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).  In this case, the result would be the same because the ALJ's statement is irrelevant to the issues before the Court.

Fifth, Plaintiff objects to the ALJ's characterizing Plaintiff's treatment as being conservative.  In the Report and Recommendation, the Magistrate Judge agreed with Plaintiff that his treatment for his brain aneurysm and repair have been far from conservative.  However, the Magistrate Judge concluded that despite the ALJ's error finding only conservative treatment, there is substantial evidence to support the ALJ's determination that Plaintiff was not disabled.

The ALJ's decision outlined the testing and procedures that Plaintiff underwent from 2004 through January of 2011.  The ALJ cited to a December 27, 2010 CT scan of Plaintiff's brain which showed no clear evidence of active infectious or inflammatory process.  The ALJ also noted Plaintiff's discharge from the nursing home in good condition with good rehabilitation and progress potential after antibiotic treatment following his August 2010 craniotomy.  The ALJ also cited to the various clinical findings that supported his determination, including Dr. Castor's examination findings of a completely normal neurologic exam in September of 2009, with grossly intact cranial nerves, normal speech patterns, clear articulation, intact fine motor skills, no lower extremity edema, intact peripheral pulses, ability to get on and off of the examination table and touch his toes, and only some left leg weakness with flexion and extension and a slight limp.  The ALJ further cited to a primary care physician's July 21, 2009 examination finding that Plaintiff presented no evidence of grounds for disability.  The ALJ also cited to a CT scan and treatment notes showing that after his August 2010 craniotomy, Plaintiff was doing well.

The Magistrate Judge correctly concluded that the ALJ obviously considered all of Plaintiff's treatment relating to the residual effects from his aneurysm repair.  The Court agrees that the ALJ should not have stated that Plaintiff had only conservative treatment.  However, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff was not disabled for Social Security purposes from his aneurysm repair and its residual effects.

In his Objection, Plaintiff challenges the Magistrate Judge's recommendation that the ALJ's evaluating and incorporating the opinions of Dr. Leidal, the agency examining psychologist, are supported by substantial evidence.  In his Report and Recommendation, the Magistrate Judge thoroughly addressed Dr. Leidal's findings, as well as the findings of Dr. Waggoner, the agency reviewing psychologist.  The ALJ gave great weight to both doctors' opinions.

Dr. Leidal's opinion stated that Plaintiff's ability to tolerate work stressors and to respond to instructions was moderately to markedly impaired.  The ALJ accordingly limited Plaintiff to slower-paced light work with repetitive and routine tasks and some complex tasks, and no interaction with the general public and only occasional contact with co-workers and supervisors.  Dr. Waggoner reviewed Dr. Leidal's opinion and other records.  She opined that Plaintiff was only moderately impaired in accepting instructions and responding appropriately to criticism from supervisors and to changes in the work setting.  Dr. Waggoner found that Plaintiff was able to perform routine and more complex tasks in a slower-paced environment with no interaction with the general public.

Here, the ALJ determined a RFC for Plaintiff based on these opinions and other medical and non-medical evidence of record.  A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner.  See 20 C.F.R. § 416 .945(e).  Accordingly, the ALJ bears the ultimate responsibility for assessing a claimant's RFC, based on all of the relevant evidence.  See 20 C.F.R. § 416.945(a).  The Magistrate

Judge determined that the ALJ in this case rendered a RFC that was supported by substantial evidence and the fact that he did not incorporate all of Dr. Leidal's limitations or explain why he did not adopt them in full was not legally required.  The Court agrees that the ALJ followed the required regulations and substantial evidence supported his determinations.

### CONCLUSION

Based upon the foregoing analysis, the Court finds that the Magistrate Judge correctly applied the pertinent law, Plaintiff's Objections are without merit and the Commissioner's decision denying SSI benefits is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #17) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: September 10, 2013**

                                        **s/Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**